IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANDREW CASTERLINE, | ) | |
|---|---|---|
| Petitioner, | ) | 8:18CV368 |
| v. | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

Petitioner has filed a mixed Rule 60(b) motion and a habeas corpus petition under 28 U.S.C. § 2254. The motion and petition are in one document. After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I will dismiss the Rule 60(b) motion with prejudice and dismiss the habeas petition without prejudice for failure to comply with Rule 2. I will give Petitioner leave to file another habeas corpus petition using the proper form in conformity with Rule 2.

I take judicial notice of state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the *Justice* site. (It is available at https://www.nebraska.gov/justicecc/ccname.cgi.) The number for the direct appeal is 15-45 and trial court number is 13-15 in the District Court of Webster County, Nebraska. For the opinion of the Nebraska Supreme Court affirming Petitioner's conviction and sentence of life in prison for the crime of first degree murder and various other convictions and sentences for use of a deadly weapon to commit a felony, and burglary, *see State v. Casterline*, 878 N.W.2d 38 (Neb. 2016).

First, "[i]t is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal

case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt*, No. 4:07-CR-121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

Indeed, as stated in *Dubin v. Real*, 191 Fed. Appx. 528 (9th Cir. 2006), the Courts of Appeal appear to unanimously reject the use of Rule 60(b) to collaterally attack a criminal conviction:

> The Federal Rules of Civil Procedure, by their own terms, apply only to civil actions. *See* Fed. R. Civ. P. 1 (stating that "these rules govern the procedure ... in all suits of a civil nature"). Every circuit that has addressed the question has agreed that a defendant may not bring an action for fraud upon the court to collaterally attack a criminal conviction. *See United States v. O'Keefe*, 169 F.3d 281, 285 (5th Cir. 1999) (noting that Supreme Court precedent "certainly does not require or contemplate that Rule 60(b)(6) [for fraud upon the court] ... be applied in criminal cases"); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("We hold that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of Civil Procedure.... Rule 60(b) simply does not provide for relief from judgment in a criminal case....") ... We agree with our sister circuits that an action under Rule 60(b) of the Federal Rules of Civil Procedure cannot be used to collaterally attack a criminal conviction.

*Id.* at 529-30 (internal citations and footnote omitted).

Because it is clear that Petitioner is endeavoring to use Rule 60(b) in a manner that is not permitted–to attack the state criminal conviction–his motion will be

2

dismissed with prejudice. However, I shall withhold judgment until the § 2254 matter is resolved so as to avoid the possibility of multiple appeals.

Second, Petitioner has also filed a petition seeking a writ of habeas corpus under § 2254. His petition is not on the standard form. It is not even close. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "**Standard Form**. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. . . ." (Emphasis in original). Therefore, I will dismiss the pending petition, but allow Petitioner to file an new petition using the standard form.

IT IS ORDERED that:

1. The Rule 60(b) motion is dismissed and denied with prejudice. Judgment will be held in abeyance until conclusion of the habeas corpus matter.

2. The petition (filing no. 1) is dismissed without prejudice. Petitioner may file a new petition using the standard form which must be received by the Clerk of Court no later than Friday, September 28, 2018.[1]

3. The Clerk shall mail to the Petitioner a copy of the standard form for habeas corpus cases brought under § 2254.

DATED this 23nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] This means the petition must be *received* by the Clerk on the date provided. The time provided for filing the new petition has been calculated taking into account any delay attributable to use of the prison mail system. In other words, the "prison mail box" rule does not apply.